# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CRUZ, | CASE NO.    1:11-cv-00992-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| JAMES TILTON, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On June 16, 2011, Plaintiff Richard Cruz, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 4.)  Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 USC § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF COMPLAINT

The Complaint identifies the following individuals as Defendants in this action: (1) James Tilton, Secretary, California Department of Corrections; (2) Scott Kernan, Warden, New Folsom (Folsom); (3) James Yates, Warden, Pleasant Valley State Prison (PVSP); (4) Felix Igbinosa, M.D., Chief Medical Officer, PVSP; and (5) Gordon Thurston, M.D.

Plaintiff alleges the following:

On March 10, 2005, Defendant Kernan transferred Plaintiff from Folsom to PVSP. The decision to transfer Plaintiff was unilateral, no one from the classification committee was consulted and Plaintiff had not been screened in advance for susceptibility to Valley Fever.  (Compl. at 2, 3.)  Plaintiff had not previously lived in an area where Valley Fever was prevalent.  (Id. at 5, 6.)

2

Defendants Tilton, Yates, and Igbinosa had all been notified by the Centers for Disease Control, prior to Plaintiff's arrival at PVSP, that inmates who had not previously been exposed to Valley Fever were the most susceptible to infection. (Id. at 3.) According to a Valley Fever specialist, as quoted in a Hanford Sentinel article, Valley Fever "would have the greatest impact among those with no built-up immunity." (Id. at 4.) Plaintiff was not screened for susceptibility to Valley Fever upon his arrival to PVSP. (Id. at 3.)

On September 18, 2005, Plaintiff was admitted to a local hospital. Defendant Thurston discharged Plaintiff two days later after guessing that Plaintiff was "faking" his symptoms. In his discharge summary, Thurston stated that Plaintiff had been admitted "'because of headaches, weakness, nausea, and vomiting. A CAT scan of the brain was found to be normal.'" (Id. at 4.)

On September 22, 2005, Plaintiff was admitted to a different local hospital for a "'protracted headache with fever.'" (Id.)  Plaintiff was diagnosed with Valley Fever the following month. (Id. at 5.)

Plaintiff began to experience headaches, neck pain, and a loss of balance that periodically caused him to fall. Physicians informed Plaintiff that these symptoms would be largely controlled by a regular medication regimen. Plaintiff regularly received such medication. (Id.)

In November, 2010, Plaintiff's symptoms worsened. He now staggers when he walks, and recently he fell. (Id.) He is now medically precluded from a prison job. (Id. at 6.) Plaintiff filed an inmate appeal complaining that the medical staff has failed to eliminate the lingering symptoms of Plaintiff's Valley Fever infection. The institution responded by stating that Plaintiff was receiving ongoing medical care. (Id.)

3

The Complaint concludes by listing four separate claims for relief.  In claims one through three, Plaintiff asserts that Defendants Kernan, Tilton, Yates, and Igbinosa were responsible for Plaintiff having been exposed to Valley Fever in violation of Plaintiff's Eighth Amendment rights.  Claim four asserts that Defendant Thurston's alleged conduct amounted to inadequate medical care, also in violation of the Eighth Amendment.  The Court will address the merits of each claim below.

## IV.   ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**B.**   **Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that he had an increased risk of contracting Valley Fever at PVSP, where the disease is common, because he had not previously been exposed to it.  The Complaint asserts that Defendant Kernan violated Plaintiff's Eighth Amendment rights by transferring Plaintiff to PVSP knowing that Plaintiff was more susceptible to contracting Valley Fever and that Defendants Tilton, Yates, and Igbinosa violated Plaintiff's Eighth Amendment rights by failing to screen inmates entering PVSP for the increased susceptibility to Valley Fever.

The courts of this district have found that such claims are not cognizable.  Claims based on Valley Fever exposure and contraction fail to satisfy the first prong of the Eighth Amendment analysis, i.e., that the deprivation is sufficiently serious.  "'[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was

5

1  confined in a location where Valley Fever spores existed which caused him to contract

2  Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores

3  presents an excessive risk to inmate health.'" Cooper v. Yates, 2010 WL 4924748, *2

4  (E.D. Cal. Nov. 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D.

5  Cal. Mar. 4, 2009)).

6

7        Plaintiff's claim that the Defendants are liable because they were aware of the risk

8  and did not act to mitigate the likelihood of infection does not state an actionable claim.

9  Defendants are not alleged to have been responsible for the prevalence of Valley Fever

10  at PVSP.  Since exposure to the disease at PVSP is not in and of itself an excessive risk

11  to inmate health; Defendants had no duty to take steps to reduce the risk.  Tholmer v.

12  Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("Plaintiff fails to allege facts that

13  indicate Defendants are responsible for the conditions of which Plaintiff complains," such

14  as "acts or omissions of Defendants have caused an excessively high risk of contracting

15  valley fever at PVSP").

16

17        Given the current state of the law it is unlikely Plaintiff can state a cognizable claim

18  based on the fact that he was exposed to Valley Fever at PVSP.  Nevertheless, the Court

19  will grant Plaintiff an opportunity to amend his claim.  In order to state a cognizable claim

20  based on exposure to Valley Fever, Plaintiff must supply truthful factual allegations

21  demonstrating how exposure to Valley Fever is a sufficiently serious deprivation and that

22  Defendants were in a position to do something about the risk and were deliberately

23  indifferent to it.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391

24  F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be

25  aware of the facts from which the inference could be drawn that a substantial risk of

6

serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting

Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was

not, then the official has not violated the Eighth Amendment, no matter how severe the

risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir.

2002)).

### C.    Inadequate Medical Care

The Complaint states that Defendant Thurston provided constitutionally deficient

medical care in violation of Plaintiff's Eighth Amendment rights.  "[T]o maintain an Eighth

Amendment claim based on prison medical treatment, an inmate must show 'deliberate

indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).   The two part test for

deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

demonstrating that 'failure to treat a prisoner's condition could result in further significant

injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response

to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v.

Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc.

v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate

indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or

possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096

(citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth

Amendment, a plaintiff must allege sufficient facts to support a claim that the named

defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."

Farmer, 511 U.S. at 837.

Plaintiff was allegedly admitted to a local hospital on September 18, 2005, because he was experiencing headaches, weakness, nausea, and vomiting.  Plaintiff's condition required a two day hospital stay and a CAT scan was conducted.  These factual allegations of a serious medical condition satisfy the first element of Plaintiff's Eighth Amendment claim.  See McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

However, Plaintiff has failed to satisfy the second element of his Eighth Amendment claim.  The thrust of Plaintiff's claim is that Thurston dismissed Plaintiff from the hospital with the suspicion that Plaintiff was faking, when in fact Plaintiff may have been suffering from Valley Fever.  Shortly after being discharged by Thurston, Plaintiff was readmitted and diagnosed with Valley Fever.  Plaintiff's allegations are insufficient because "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  Defendant Thurston noted Plaintiff's symptoms and the results of a CAT scan.  The decision to discharge Plaintiff was the result of Thurston's medical judgment.   There are no factual allegations demonstrating that Defendant Thurston knowingly disregarded any sign that Plaintiff may have contracted Valley Fever.

Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendant Thurston because, as pled, the Complaint gives no indication that the Defendant was deliberately indifferent.  The Court will provide Plaintiff with an opportunity to amend.  In

order to state a cognizable claim, Plaintiff must show that Defendant Thurston's actions were "medically unacceptable under the circumstances . . . and . . . that [he] chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed June 16, 2011;

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.

Dated:    April 23, 2012           /s/ Michael J. Seng
                                   UNITED STATES MAGISTRATE JUDGE