1

2

3

4

5

6

7          UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10   RICHARD CRUZ,                          CASE NO.    1:11-cv-00992-MJS (PC)

11                  Plaintiff,              ORDER DENYING PLAINTIFF'S MOTION TO
                                            DISQUALIFY MAGISTRATE JUDGE
12          v.
                                            (ECF No. 13)
13   JAMES TILTON, et al.,

14                  Defendants.

15

16   _____ /

17

18          Plaintiff Richard Cruz is a state prisoner proceeding pro se in this civil rights action

19   pursuant to 42 U.S.C. § 1983.  On July 9, 2012, Plaintiff filed a motion requesting recusal

20   of the Magistrate Judge assigned to this case.  (ECF No.13.)

21          Plaintiff argues that in the initial screening order (ECF No. 5) the Court

22   mischaracterized his claim and applied the applicable legal standards incorrectly.  (ECF

23   No. 13 at 1-3.)  Thus, Plaintiff argues, the undersigned Magistrate Judge is prejudiced

24   against all Eighth Amendment claims based on Valley Fever exposure.  (Id. at 1.)

25

26          A judge must disqualify himself if "his impartiality might be reasonably questioned,"

27

                                            1

28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).  "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal."  United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing Litkey v. United States, 510 U.S. 540, 555 (1994)).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Johnson, 610 F.3d at 1147 (quotation marks and citation omitted); Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

"Adverse findings do not equate to bias," Johnson, 610 F.3d at 1148.  In this instance, Plaintiff simply disagrees with the Court's findings and its ruling against him.  He has identified no other basis for suggesting bias or recusal.

Accordingly, Plaintiff's motion to disqualify the undersigned Magistrate Judge is DENIED.

IT IS SO ORDERED.

Dated:   July 20, 2012                           /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE