# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CRUZ, | CASE NO. 1:11-cv-00992-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| JAMES TILTON, et al., | (ECF No. 14) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

### SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On June 16, 2011, Plaintiff Richard Cruz, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 4.)

On April 24, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 5.) Plaintiff's First Amended Complaint (ECF No. 14) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following individuals as Defendants in this action: (1) James Tilton, Secretary, California Department of Corrections; (2) Scott Kernan, Warden, New Folsom (Folsom); (3) James Yates, Warden, Pleasant Valley State Prison (PVSP); (4) Felix Igbinosa, M.D., Chief Medical Officer, PVSP; and (5) Gordon Thurston, M.D.

Plaintiff alleges the following:

2

On March 10, 2005, Defendant Kernan transferred Plaintiff from Folsom to PVSP. The decision to transfer Plaintiff was unilateral, no one from the classification committee was consulted and Plaintiff had not been screened in advance for susceptibility to Valley Fever. (Compl. at 2, 3.) Plaintiff had not previously lived in an area where Valley Fever was prevalent. (Id. at 2, 5, 6.)

The Director of Corrections, the Warden of PVSP, and the Chief Medical Officer at PVSP had all been notified by the Centers for Disease Control (CDC), prior to Plaintiff's arrival at PVSP, that inmates who had not previously been exposed to Valley Fever were at an increased risk to the disease. (Id. at 3.) The CDC was asked to study Valley Fever at Taft Federal Prison and recommend ways to reduce contraction rates. (Id. at 4.) According to a Valley Fever specialist speaking to Valley Fever's viability as a biological weapon, as quoted in a Hanford Sentinel article, the disease "would have the greatest impact among those with no built-up immunity." (Id. at 3, 4.) Plaintiff was not screened for susceptibility to Valley Fever upon his arrival to PVSP. (Id. at 3.)

By September 20, 2005 Plaintiff had been admitted to Coalinga Regional Medical Center. Defendant Thurston discharged Plaintiff after guessing that Plaintiff was "faking" his symptoms. In his discharge summary, Thurston stated that Plaintiff had been admitted "'because of headaches, weakness, nausea, and vomiting. A CAT scan of the brain was found to be normal.'" (Id. at 4.)

On September 22, 2005, Plaintiff was admitted to a different local hospital for a "'protracted headache with fever.'" (Id.) Plaintiff was diagnosed with Valley Fever the following month. (Id. at 5.)

Plaintiff began to experience headaches, neck pain, and a loss of balance that

periodically caused him to fall. Physicians informed Plaintiff that these symptoms would be largely controlled by a regular medication regimen. Plaintiff regularly received such medication. (Id.)

In November, 2010, Plaintiff's symptoms worsened. He now staggers when he walks, and recently he fell. (Id.) He is now medically precluded from a prison job. (Id. at 6.) Plaintiff filed an inmate appeal complaining that the medical staff failed to eliminate the lingering symptoms of Plaintiff's Valley Fever infection. The institution responded by stating that Plaintiff was receiving ongoing medical care. (Id.)

The amended complaint concludes by listing four separate claims for relief. In claims one through three, Plaintiff asserts that Defendants Kernan, Tilton, Yates, and Igbinosa were responsible for Plaintiff having been exposed to Valley Fever in violation of Plaintiff's Eighth Amendment rights. (Id. at 7-9.) Claim four asserts that Defendant Thurston's alleged conduct amounted to inadequate medical care, also in violation of the Eighth Amendment. (Id. at 9.) The Court will address the merits of each claim below.

**IV.   ANALYSIS**

    **A.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling

5

v. McKinney, 509 U.S. 25, 35 (1993).

### 1. Substantial Risk of Harm

The Courts of this district have repeatedly found that confinement in a location where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g. Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Thus, Plaintiff can not state an Eighth Amendment claim based solely upon mere exposure to, or contraction of, Valley Fever. Under certain circumstances exposure to Valley Fever could conceivably give rise to an Eighth Amendment claim. Smith v. Schwarzenegger, 393 Fed.Appx. 518 (9th Cir. 2010) (citing Helling, the Court held that it was not inconceivable that the plaintiff could allege a cognizable claim based on Valley Fever exposure). Courts have deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor responsible for either increasing the risk of contraction or the severity of infection. See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D.Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v.

Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race).

Plaintiff alleges that he had not been previously exposed to an area where Valley Fever was prevalent. He contends that having not been previously exposed made him particularly vulnerable to Valley Fever. The amended complaint cites an article with quotes from a Valley Fever specialist and conclusions reached by the CDC.

The specialist is quoted as saying that Valley Fever "would have the greatest impact among those with no built-up immunity." (Compl. at 4.) However, the expert was speaking in the context of Valley Fever being deployed as an airborne biological weapon. The pleading does not explain how Plaintiff's risk in the event of a biological attack equates to his risk as an inmate naturally exposed at PVSP. Assuming there is a connection, the cited material does not quantify the increase in risk. The fact that the risk of harm for Plaintiff may be elevated to some degree does not satisfy the Court that the risk is sufficiently serious for the purposes of an Eighth Amendment claim. Plaintiff's allegation that the CDC determined that inmates who had not previously been exposed to Valley Fever were at an increased risk to the disease is equally vague and unavailing. The allegations do not illustrate the risk of harm is serious or even measureable, only that it exists. The danger to an asthmatic at PVSP, for example, seems readily apparent in a way that being a non-native to the Central Valley is not. It can not be said that Plaintiff has identified a substantial risk of harm.

### 2. Deliberate Indifference

Even if the absence of previous exposure amounted to a sufficiently serious risk of harm, the amended complaint fails to establish that any of the Defendants acted with

7

deliberate indifference. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

The amended complaint alleges that the Defendants are responsible for exposing Plaintiff to Valley Fever when they "knew, or should have known," that Plaintiff's non-native status made him particularly susceptible to the disease. (Compl. at 2.) It may be that the Defendants should have been aware of risk of harm to Plaintiff; however, in order to establish deliberate indifference, the Defendants must have been actually aware of the risk. Plaintiff has failed to allege that the Defendants knew that Valley Fever posed an increased threat to Plaintiff's health.

Plaintiff identifies a Hanford Sentinel article that quoted an expert stating that Valley Fever would have the greatest impact on individuals who had not been previously exposed. Plaintiff does not allege that any of the Defendants read this article or were aware of its contents.

The CDC allegedly notified the Director of Corrections, the Warden of PVSP, and the Chief Medical Officer at PVSP that Valley Fever presented an increased risk to inmates without previous exposure. This allegation is too vague to establish that any of the Defendants had knowledge of the risk. Plaintiff does not allege when notification occurred,

8

what information was conveyed, or how he knows the Director, Warden, and Chief Medical Officer received the notification. Plaintiff does not explicitly allege that Defendants Tilton, Yates, and Igbinosa held these posts when the CDC allegedly issued the notification. Plaintiff does allege that the CDC was asked to evaluate Valley Fever infection at Taft Federal Prison and make recommendations to reduce infections. However, the amended complaint does not explain how that study at Taft is connected to the identified risk of harm, the Defendants, or PVSP.

Plaintiff asserts that Defendant Kernan knew Plaintiff had not been previously exposed to Valley Fever because that fact was readily accessible in Plaintiff's central prison file. However, Plaintiff does not allege that Kernan accessed the file or was otherwise actually aware of Plaintiff's particular risk. Plaintiff then alleges that even if Kernan failed to check his file, Kernan was aware that Valley Fever was endemic at PVSP and made no effort to medically screen Plaintiff before transfer. There are no factual allegations to support the conclusion that Kernan was actually aware that Plaintiff had not previously been exposed to Valley Fever or that he knew the disease was endemic at PVSP.

The Court instructed Plaintiff that he must allege sufficient facts to support the conclusion that his exposure to Valley Fever was sufficiently serious and that the Defendants exhibited deliberate indifference. The amended complaint satisfies neither element. Plaintiff has not alleged facts demonstrating a violation of his Eighth Amendment rights. The fact that he has not successfully amended is reason to conclude he can not successfully amend. No useful purpose would be served in once again advising him of the applicable standard and giving him further leave to amend.

## C. **Inadequate Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

The amended complaint states that Defendant Thurston provided constitutionally deficient medical care in violation of Plaintiff's Eighth Amendment rights. Plaintiff was allegedly admitted to a local hospital because he was experiencing headaches, weakness, nausea, and vomiting. A CAT scan was conducted. Thurston allegedly dismissed Plaintiff from the hospital with the suspicion that Plaintiff was faking, when in fact Plaintiff may have been suffering from Valley Fever. Shortly after being discharged by Thurston, Plaintiff was readmitted and diagnosed with Valley Fever.

Essentially identical facts were plead in the original complaint and the Court determined that Plaintiff failed to state a claim. Plaintiff has, again, identified a serious medical condition and thus satisfies the first element of his inadequate medical care claim. See McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

However, as the Court explained in its previous screening order, these factual allegations do not support the conclusion that Defendant Thurston acted with deliberate indifference. Plaintiff's allegations are insufficient because "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). Defendant Thurston noted Plaintiff's symptoms and the results of a CAT scan, which were normal. The decision to discharge Plaintiff was the result of Thurston's medical judgment. There are no factual allegations demonstrating that Defendant Thurston knowingly disregarded any sign that Plaintiff may have contracted Valley Fever.

The Court notified Plaintiff of the pleading deficiency and provided him an opportunity to amend. The amended complaint contained little or no new factual allegations. Further leave to amend would serve no useful purpose.

## V.     **CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's First Amended

11

Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.

IT IS SO ORDERED.

Dated:     January 29, 2013                       /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE